UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Z.H., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:21-cv-101-JD-MGG |
| | ) |
| OFFICER JAMIE GARCIA and | ) |
| CHIEF JOHN DOUGHTY, | ) |
|     Defendants. | ) |

**DEFENDANT JAMIE GARCIA'S
MEMORANDUM IN SUPPORT OF HIS MOTION
FOR JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c) AND
MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6)**

Comes now Defendant, Jamie Garcia, by Counsel, Shana D. Levinson, and pursuant to Fed. R. Civ. P., Rules 12(c) and 12(b)(6) files his Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint, filed herewith, as follows:

**I. Introduction**

Plaintiff's Complaint contains one count against Defendant, Jamie Garcia, which asserts a violation of Constitutional rights actionable under 42 U.S.C §1983. Although not clearly defined, Plaintiff raises claims under both the Fourth and Fourteenth Amendments, alleging that Defendant Garcia 1) falsely seized her in violation of the Fourth Amendment, 2) deprived her of her bodily integrity in violation of the Fourteenth Amendment, and deprived her of Equal Protection under the law because she is a woman.

Defendant Garcia requests a Judgment on the Pleadings and a dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted because

1

neither Plaintiff's factual basis nor the inferences that can be drawn therefrom support her §1983 claim.

Much of the law pertaining to the single Count pending against Defendant Garcia has been briefed in Defendant John Doughty's Brief in Support his Motion to Dismiss **[DE 10]**, Plaintiff's Response in Opposition to Defendant John Doughty's Motion to Dismiss **[DE 13]**, and Defendant John Doughty's Reply Brief in Support of his Motion to Dismiss **[DE 14]**. Defendant Garcia respectfully requests the Court incorporate the legal arguments espoused in those docket entries to receive a fuller overview of the matter and to avoid excessive redundancy.

## II. Argument

**A.     Standard of Review:**

A motion to dismiss brought under F.R.C.P. 12(b)(6) and 12(c) should be granted if the claimant fails in her Complaint to allege any facts upon which relief can be granted. *Pickrel v. City of Springfield,* 45 F.3d 1115, 1118 (7th Cir. 1995). Courts must accept a plaintiff's factual allegations as true, but a claim for relief must be plausible on its face, and "Courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross,* 578 F3d 574, 581 (7th Cir. 2009). Although a complaint need not provide detailed factual allegations, "it must provide the grounds of the claimant's entitlement to relief, contain more than labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Chicago Police Sergeants Ass'n. v. City of Chicago*, 2011 WL

2637203 (N.D. Ill. 2011), citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*

**B.    Liability under 42 U.S.C. §1983 for the Fourteenth Amendment Substantive Due Process Claim and the Fourth Amendment Unreasonable Search and Seizure Claim.**

Plaintiff fails to establish that her Fourth and Fourteenth Amendment rights were violated by the Defendant acting under color of state law. Plaintiff's Complaint, Count I, states that her lawsuit is brought pursuant to 42 U.S.C. 1983, but it articulates no specific basis for the Count against Defendant Garcia. It appears, after reviewing her response to Defendant Doughty's Motion to Dismiss, that she claims the violations of a right to Bodily Integrity (Fourteenth Amendment) and an Unreasonable Seizure (Fourth Amendment). To state a viable claim under 42 U.S.C. §1983, Plaintiff must allege facts that demonstrate that she was deprived of a federal right, privilege or immunity by a person acting "under the color of state law". *Chavez v. Guerrero*, 465 F.Supp.2d 864, 868 (N.D. Ill. 2006).

1. **Plaintiff's Privacy right to "Bodily Integrity" was not violated.**

As articulated more concisely in her Response in Opposition to Defendant Doughty's Motion to Dismiss **[DE 13]**, Plaintiff's Fourteenth Amendment Substantive Due Process Claim is based on her right to Bodily Integrity. If, for purposes of this Dispositive Motion, all of Plaintiff's claims are accepted as true, they do not even remotely establish a violation of her right to "Bodily Integrity." The relevant recitals provided by Plaintiff are as follows:

3

- Par. 9 – The Plaintiff, Z.H., was 17 at the time and knew Defendant Garcia. Z.H. was a student and as part of her studies (at Ancilla College), she needed to participate on a ride along with a police officer. On February 15, 2019, Plaintiff, Z.H. went on a ride along with Defendant Garcia.
- Par. 16 After getting into the squad car, Plaintiff Z.H. put on her seat belt and Defendant Garcia, without her consent, started adjusting her seat belt and rubbing his arm against Z.H.'s breast.
- Par 19 Plaintiff Z.H. was waiting in line behind Defendant Garcia at the gas station when Garcia had Z.H. go in front of him and at this time Defendant Garcia placed his hand on Z.H.'s butt without her consent.
- Par. 20 Defendant Garcia and Plaintiff Z.H. drove around in the squad car and at various times Defendant Garcia would place his hand on Z.H.'s leg without her consent.
- Par. 24 While at this (secluded) location, the Defendant and other unknown officer had his window down and Defendant Garcia asked the other officer whether he wanted to have sex with Plaintiff Z.H. Plaintiff was scared and offended by the Defendant's conduct.
- Par. 25 Defendant Garcia asked this unknown officer on more than one occasion whether he wanted to have sex with Plaintiff Z.H.
- Par. 26 Defendant Garcia and Plaintiff Z.H. were driving around and Defendant Garcia told Plaintiff Z.H. that he was going to find a prostitute for her. Plaintiff did not consent to such conduct.
- Par. 27 Defendant Garcia did stop a female prostitute who was walking the streets. Defendant Garcia introduced Plaintiff Z.H. to the working woman and told her that Z.H. wanted to do what she was doing. Plaintiff never stated she wanted to be a prostitute.
- Par. 28 Defendant Garcia throughout the ride inquired into Z.H.'s dating and sex life. Plaintiff Z.H. was humiliated and embarrassed as to the conduct of Defendant Garcia.

While serious sexual assaults can implicate Substantive Due Process rights under a Bodily Integrity theory, the behavior described in Plaintiff's Complaint does not fall into that category. Compare *Wudke v. Davel*, 128 F.3d 1057, 1062 (7th Cir. 1997)(reversing the dismissal of a 1983 claim brought by a school teacher who claimed that, on various occasions, a school superintendent proposed a physical relationship with her, forcibly touched her breasts, kissed her, forced her to perform oral sex him, causing

her to vomit, subsequently solicited her to engage in oral sex, coerced her with threats that he would prevent her husband from finding a teaching job and threatened to deny her the renewal of her special education license if she did not keep complying with his demands): *Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003)( coercing a female who assisted in a police sting operation by posing as a prostitute to perform oral sex on a police officer under threat that, if she refused, the police would "put her away" for a term of forty years' imprisonment on a cocaine offense for which she was under investigation could rise to the level of a constitutional violation of bodily integrity); *Kane v. Barger*, 902 F.3d 185 (3rd Cir. 2018)(reversed dismissal on grounds that defendant photographing plaintiff's rape injuries on four separate occasions with his personal cell phone, including her bare breasts and buttock, touched her butt crack and repeatedly asked her about her breasts buttocks and vagina was conscience shocking and therefore violated plaintiff's right to bodily integrity).

    The shocking allegations presented in *Wudke*, *Alexander* and *Kane* are representative of the types of claims that rise to the level of a Bodily Integrity violation under the Fourteenth Amendment. However, Federal courts have consistently found that allegations of less extreme conduct are not actionable. The Supreme Court has emphasized that Substantive Due Process may be invoked in a § 1983 civil rights damage action only if the abuse of power "shocks the conscience," and that there is a strong presumption against a § 1983 Due Process claim that overlaps with state tort law. *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998)(only a deprivation that "shocks the conscience" is actionable; every abuse of power, even if unreasonable, unjustified, or outrageous, does not rise to the level of a federal constitutional deprivation of liberty).

5

Plaintiff characterizes Defendant Garcia's conduct as "shocking the conscience." However, many courts have held that not every inappropriate or unwanted touching by a public official can amount to the 'brutal and inhumane abuse of official power' necessary to demonstrate a violation of an individual's bodily integrity sufficient to support a constitutional violation. *Moran v. Clarke*, 296 F.3d 638, 647 (9th Cir. 2002).

Various federal courts within the Seventh Circuit have also decided that the conduct must shock the conscience in order to invoke a Fourteenth Amendment Substantive Due Process Claim for violations of Bodily Integrity.   See, for example, *Twyman v. Burton*, 2010 WL 4978904 (S.D. Ill., Dec 2. 2010)(holding that a police detective's conduct in putting a sex toy on the front seat of a female confidential informant's car where she was likely to sit on a sex toy did not rise to the level of a violation of substantive due process); *Decker v. Tinnel*, 2005 WL 3501705 (N.D. Ill. Dec 20, 2005), (finding no substantive due process claim where a male police officer, during a voluntary ride-along with an eighteen-year-old female, asked her to strip, repeatedly tried to kiss her, forced his hand between her thighs and groped her breasts with his whole hand; the court opined that while the conduct alleged was 'improper and depraved' it is not the egregious physical assault like forcible rape or sexual molestation that substantiates a viable Bodily Integrity claim); *Nagle v. McKernan*, 2007 WL 2903179 (N.D. Ill. Sept 28, 2007)(finding no substantive due process violation where a fire marshal allegedly appeared at a woman's place of work, gave her a love note, told her that her employer had many fire violations, beckoned her to a secluded place in the office where he leaned against the back of the woman's body and inhaled and exhaled while "intimately pressing his face against the back of the woman's head and neck) *King v.*

6

*Lienemann*, 2011 WL 833977 (S.D.Ill. March 4, 2011)(a single episode of harassment that amounts at most to a common-law battery does not rise to the level of a substantive due process violation).

Defendant Garcia did not ask Plaintiff for sexual acts, try to kiss her, fondle her, force himself upon her, rape her or commit other acts that rise to the level of a substantive due process violation, and thus, Plaintiff's claim of violation to her Bodily Integrity should be dismissed.

**2. Plaintiff's Fourth Amendment right to be free of False Imprisonment/Seizure was not violated.**

Under no circumstance does the Fourth Amendment apply to Plaintiff's claim. The Fourth Amendment governs searches and seizures, which are defined as a governmental termination of freedom of movement through means intentionally applied, and it is always interpreted in the context of persons of interest being held for potential criminal conduct. See *Brower v. County of Inyo*, 489 U.S. 593, 596-597 (1989)(holding that a violation of the Fourth Amendment requires an intentional acquisition of physical control over person suspected of crime); *Hamilton v. Vill. of Oak Lawn*, 735 F.3d 967, 970 (7th Cir. 2013)(officers' conduct in holding a suspect at her employer's home for two hours while investigating a crime was not unreasonable under the Fourth Amendment and forcing her to leave the home was not a "seizure" under the Fourth Amendment); *County of Sacramento v. Lewis*, 523 U.S, 833, 844, 118 S.Ct. 1708 (1998) (A seizure requires the use of force *with intent to restrain*. Accidental force or force for some other purpose will not qualify); *Carlson v. Bukovic*, 621 F3d 610, 618-22 (7th Cir. 2010)(while physical contact by an officer may be a significant factor, it does not automatically qualify an

encounter as a seizure if the officer's touching the plaintiff was "more exhortatory than commanding in nature" and thus not a seizure). Implicit in the body of case law regarding Fourth Amendment violations is the premise that the "seizure" is to accomplish an "arrest".

There are no facts pled that support a claim that Plaintiff was seized or arrested, thus Plaintiff's Fourth Amendment claim should be dismissed. The only facts that could conceivably be considered regarding a claim rooted in the Fourth Amendment are as follows:

- Par. 9   The Plaintiff, Z.H. was 17 at the time and knew Defendant Garcia. Z.H. was a student and as part of her studies (at Ancilla College), she needed to participate on a ride along with a police officer. On February 15, 2019, Plaintiff, Z.H. went on a ride along with Defendant Garcia.
- Par. 16  After getting into the squad car, Plaintiff Z.H. put on her seat belt and Defendant Garcia, without her consent, started adjusting her seat belt and rubbing his arm against Z.H.'s breast.
- Par. 17  Defendant Garcia did falsely imprison the Plaintiff.
- Par. 20  Defendant Garcia and Plaintiff Z.H. drove around in the squad car and at various times Defendant Garcia would place his hand on Z.H.'s leg without her consent.
- Par. 24  While at this (secluded) location, the Defendant and other unknown officer had his window down and Defendant Garcia asked the other officer whether he wanted to have sex with Plaintiff Z.H. Plaintiff was scared and offended by the Defendant's conduct.
- Par. 25  Defendant Garcia asked this unknown officer on more than one occasion whether he wanted to have sex with Plaintiff Z.H.
- Par. 26. Defendant Garcia and Plaintiff Z.H. were driving around and Defendant Garcia told Plaintiff Z.H. that he was going to find a prostitute for her. Plaintiff did not consent to such conduct.
- Par. 27  Defendant Garcia did stop a female prostitute who was walking the streets. Defendant Garcia introduced Plaintiff Z.H. to the working woman and told her that Z.H. wanted to do what she was doing. Plaintiff never stated she wanted to be a prostitute.
- Par. 28  Defendant Garcia throughout the ride inquired into Z.H.'s dating and sex life. Plaintiff Z.H. was humiliated and embarrassed as to the conduct of Defendant Garcia.

8

The conduct described in Plaintiff's Complaint rises, at most, to Plaintiff's feeling of humiliation and/or embarrassment (as alleged in paragraph 28); even perhaps a feeling of discomfort or unease. Aside from the unsupported legal conclusion raised in Paragraph 17 of her Complaint, that "Defendant Garcia did falsely imprison the Plaintiff", there is no allegation that Garcia attempted to place Plaintiff under arrest or forcibly restrict her movement. She herself contacted Defendant Garcia, whom she knew prior to this incident, to accompany him on a ride-along for her college class. She voluntarily rode in the front seat with him, where she remained throughout the encounter, accompanied him to calls with other officers, and went into a gas station with him. She never asked to leave, implied that she wished to leave, asked to be taken home or asked to discontinue the ride-along. Defendant Garcia gave no indication that Plaintiff would be precluded from leaving. *McCoy v Harrison*, 34 F3d 600, 605 (7th Cir. 2003)(holding that even though defendant officer knocked plaintiff down, hit her and dug his fingernails into her arm, there was no seizure invoking the Fourth Amendment because he made no effort to direct or impede plaintiff's movements and allowed her to leave the premises after the altercation).

Plaintiff all but concedes that her Fourth Amendment claim is misplaced in the Response to Defendant Doughty's Motion to Dismiss. [**DE 13**, pp 11-12]. Plaintiff does not set forth a viable claim that she was deprived of her right to liberty based on a theory of false imprisonment or seizure and her Fourth Amendment Claim should be dismissed.

9

3. **Even if Defendant Garcia's actions had resulted in a violation of Plaintiff's Constitutional Rights, there is no evidence that he acted under the color of law**.

In order to proceed on Plaintiff's § 1983 claim, she must show that Garcia acted under color of state law to deprive her of a constitutional right. *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994). Defendant Garcia's on-duty status at the time of the alleged is not tantamount to acting under the color of law. *Luce v. Town of Campbell, Wi.,* 116 F.Supp.3d 915, 916 (W.D. Wis. 2015)(officer's use of state resources to retaliate against a plaintiff did not equate to acting under the color of law), citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1516-1517 (7th Cir. 1990)(acts committed by police officers, even while on duty and in uniform, are not under color of state law unless they are in some way related to the performance of police duties). Neither the facts alleged nor the inferences that can be drawn therefrom support the contention that Defendant used his police power to deprive Plaintiff of her rights.

Plaintiff's prior relationship of Defendant Garcia caused her to request a ride-along with him. He did not use his police powers to obtain access to her. He did not threaten to use his police powers against her or coerce her in any way. The inappropriate touching and conversation Plaintiff claims occurred during the ride-along had nothing to do with furthering Defendant Garcia's duty or performance. *Chavez v Guerrero*, 465 F.Supp.2d 864 at 869 (N.D.Ill 2006)(police officer was not acting under color of state law when he pursued romantically a woman he met at the police station while she was filling out paperwork, despite having followed her for several blocks in his marked squad car, repeatedly called her on her cell phone number he retrieved from the report she filed with claims of helping her in some way with the traffic accident). See also *Murphy v. Chicago*

*Transit Auth*, 638 F.Supp. 464, 468 (N.D.Ill 1986)(Chicago Transit Authority attorneys were not acting under color of state law when they made sexual comments to co-worker because "humiliating comments and harassing behavior had nothing to do with and bore no similarity to the nature of the staff attorney job).

Even when a defendant is exercising official duties when an incident occurs, the court examines whether the officer misused or abused his official power by violating a person's rights in furtherance of his official duties or if there was merely a personal objective; a "personal frolic" as labeled by some courts.  See *Bustos v. Martini Club Inc.,* 599 F. 3d 458, 464-466 (5th Cir. 2010)(the district court correctly ruled that Plaintiff failed to assert facts that suggested the use of force was anything other than for personal or private purposes and not taken under color of state law; police officers pursued personal objectives not subject to §1983 claim even though they allegedly threatened and assaulted victim at a bar while asserting their police authority); *Townsend v. Moya*, 291 F.3d 859, 861-863 (5th Cir. 2002)(prison guard's actions not deemed state action when he cut an inmate with a knife while the two were engaged in "horse play" since the guard was pursuing a private aim and not acting by virtue of state authority; although guard used a knife that he possessed by virtue of his position of authority, the key inquiry is whether the guard has a purely private aim, and here the two were joking about personal matters which simply ended in a physical altercation); *Paras v. Rhodes*, 94 F.3d 196, 197-198 (5th Cir. 1996) (prison maintenance worker was not acting under the color of state law when he punched inmate in the nose since incident occurred during horseplay between the two and involved purely private aim and no misuse of state authority; if state

11

officer pursues personal objectives without using or misusing power granted to him by state, he is not acting under the color of state law).

Defendant Garcia did not use his law enforcement authority against Plaintiff and the actions complained of did not occur in pursuit of the performance of duty. The mere allegation that the conduct complained of occurred while Defendant Garcia was on duty does not provide a factual basis to support the contention that Defendant Garcia was motivated by his position or that he acted under color of law.

C.   **Plaintiff's Equal Protection Claim**

Plaintiff's attempt to invoke the Equal Protection Clause of the Constitution should fail because the facts pled do not establish an actionable claim. Equal Protection Claims are generally based on either 1) a defendant's disparate treatment of a class where plaintiff(s) are deprived of some benefit because of sex *or*, 2) a claim of sex harassment based on the plaintiff's sex. Plaintiff does not plead facts to substantiate either of these basis, nor do any inferences support a viable claim.

First, there is no evidence or facts pled to support the contention that Defendant Garcia treated Plaintiff differently than male ride-along students. The claim fails by virtue of the lack of contrast to other individuals. Further, there is no evidence or inference that Defendant Garcia has any animus toward women. Plaintiff references an unrelated matter where one of Defendant Garcia's former female co-workers sued him for slapping her backside during a struggle for a flashlight; however, that claim was never litigated and the case was, in fact, dismissed by the Northern District of Indiana. Even if the case had not been thrown out, the plaintiff in that case was not similarly situated to

this Plaintiff and the facts there provide no demonstration of how Defendant may have treated males any differently than females.

Likewise, Plaintiff's case lacks the requisite facts to support a sex harassment claim. Sex harassment claims are only actionable under § 1983 where the harassment is severe or pervasive. See *Boxill v. O'Grady*, 935 F.3d 510 (6th Cir. 2019)(to establish a hostile work environment claim under § 1983, plaintiff must show that she was subjected to unwelcome harassment based on her protected status and that the harassment was sufficiently severe or pervasive to alter the conditions of employment); *Crutcher-Sanchez v. County of* Dakota, 687 F.3d 979, 985-88 (8th Cir. 2012)(one supervisor's sexual harassment was sufficiently severe or pervasive to alter victim's work environment where harasser took advantage of the plaintiff when she was intoxicated and vulnerable, he continued the harassment by leering and following her to her second job, subjected her to sexual attention on a daily basis and ultimately fired her for ending the sexual relationship; however, the district court erred in denying a second supervisor summary judgment where it was alleged only that he offered the plaintiff a box or chocolates and asked her out several times, which does not reach the high threshold of an intimidating offensive hostile work environment necessary to establish a constitutional rights violation). The alleged conduct alleged by Plaintiff was not severe or pervasive enough to rise to the level of a sex harassment claim. If Plaintiff experienced any harm whatsoever, it was de minimis, occurring over the course of one ride along where she experienced, as alleged, discomfort and embarrassment. The facts pled do not establish an Equal Protection claim and should be dismissed.

**D.    Defendant Garcia did not violate a clearly established constitutional right and he is therefore entitled to Qualified immunity**

As demonstrated above, Plaintiff has not stated a plausible claim that her constitutional rights were violated by the Defendant. However, if the Court were to find a plausible claim against the Defendant, he would be entitled to Qualified Immunity because Plaintiff can point to no clearly established case law that would have put Defendant Garcia on notice that he was violating Plaintiff's Constitutional rights. "Qualified immunity allows government officials to make 'reasonable but mistaken judgments' where there is no clearly established case law that it is violative of a Constitutional Right". *Ashcroft v. al-Kiss*, 563 U.S. 731, 743 (2011).

The burden falls on the Plaintiff to establish that Defendant Garcia violated her constitutional rights and that the right was clearly established at the time of the alleged unlawful activity. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). There are no cases in any circuit, let alone the Supreme Court or Seventh Circuit, where conduct, factually similar to that of the Defendant's, was held to violate the Fourth Amendment Substantive Due Process or Equal Protection. See *Sampson v. Cty. of La*, 974 F.3d 1012, 1023 (9th Cir. 2020)(social worker found to have harassed legal guardian under the Equal Protection Act was entitled to Qualified Immunity because there were no cases involving the same or similar facts); *Mara v. Rilling*, 921 F3d 48, 70-72 (2d Cir. 2019)(after noting that the plaintiff was seized within the meaning of the Fourth Amendment, the defendant was entitled to Qualified Immunity because the inquiry is not just what a reasonable person would have understood about his ability to leave, but also what every reasonable police officer would have understood from established precedent).

14

### III. Conclusion

Even taking all fact asserted in Plaintiff's Complaint as true, Plaintiff fails to state a claim upon which relief can be granted under §1983. She does not set forth the necessary elements required to show that Defendant Garcia violated her rights, that he acted under color of law or that there was clearly established law to place him on notice that he was violating Plaintiff's rights. As such, Defendant respectfully requests the Court dismiss Count I of Plaintiff's Complaint, dismiss the case and for all other relief just and proper in the premises.

Respectfully submitted,

s/Shana D. Levinson
Shana D. Levinson 21350-45
Levinson & Levinson, Attorneys at Law
384 W. 80th Place
Merrillville, IN 46410
219-769-1164
fax: 219-769-0337
Attorney for Defendant Garcia

### Certificate of Service

I, Shana D. Levinson, hereby certify that on May 17, 2021, I electronically filed the foregoing with the Clerk of the Court and all counsel of record using the CM/ECF system maintained by the United States District Court for the Northern District of Indiana.

/s/Shana D. Levinson
Shana D. Levinson
Attorney Number: 21350-45
LEVINSON & LEVINSON
384 W. 80th Place
Merrillville, IN 46410
Phone: (219) 769-1164

15