# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF
## INDIANA SOUTH BEND DIVISION

| | | |
|---|---|---|
| ZAILEY HESS, | ) | |
|      PLAINTIFF | ) | |
| | ) | |
| vs. | ) | 3:21-CV-101 |
| | ) | |
| OFFICER JAMIE GARCIA, | ) | |
|      DEFENDANT. | ) | |

## DEFENDANT JAMIE GARCIA'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Defendant, Jamie Garcia, by Counsel, Shana D. Levinson, and files his

Answer to Plaintiff's Complaint for Monetary relief as follows:

### JURISDICTION

1.     This cause of action is for damages based upon violation of the Fourth and Fourteenth

Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

**ANSWER**:  **Defendant admits that the allegations contained in Plaintiff's Complaint are
based upon the Fourth and Fourteenth Amendment pursuant to 42 U.S.C. § 1983.**

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 1343(a)(3) and 1367.

**ANSWER:  The Defendant denies that supplemental jurisdiction applies hereto.**

3.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because

Plaintiff and all Defendants either reside in this district or have their principal place of business

in this district, and all events giving rise to Plaintiff's claims occurred within this district.

**ANSWER:  The Defendant admits that he is a resident of Indiana but denies the
remainder of Paragraph 3 of Plaintiff's Complaint.**

## PARTIES

4.     Plaintiff, Z.H., is an adult resident of Knox, Indiana.  She is now 19 years old.

**ANSWER:   The Defendant is without sufficient knowledge or information by which to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.**

5.     Defendant, Jamie Garcia, is sued in his individual capacities.  He is an adult resident of the State of Indiana, and was an employee of the Hammond Police Department and was acting under the color of law at all times relevant to this litigation.

**ANSWER:   Defendant admits that he is an adult resident of the State of Indiana sued in his individual capacity but Defendant lacks sufficient information and knowledge as to the remaining allegations in paragraph 5 of Plaintiff's complaint and therefore denies the same.**

6.     John Doughty, is sued in his individual capacities.  He was police chief employed by the City of Hammond and acting under the color of law at all relevant times to this litigation.

**ANSWER:   Defendant is without sufficient knowledge or information by which to admit or deny the allegations of paragraph 6 of Plaintiff's Complaint, this allegation is no longer relevant in this case, and Defendant therefore denies same.**

# GROUNDS FOR RELIEF[1]

7.     On or about February 15, 2019, Defendant Jamie Garcia, was acting in his scope and capacity as a police officer for the Hammond Police Department at all times relevant to this claim.

**ANSWER: Defendant admits that he acted in the scope of his employment with the Hammond Police Department on February 15, 2019, but is without sufficient information and knowledge as to the remaining allegations in paragraph 7 of Plaintiff's complaint and therefore denies the same.**

8.     That as part of his duties with the Hammond Police Department, Defendant Garcia was required to make traffic stops, go on calls, investigate complaints, investigate crimes, take individuals into custody and transport individuals.

**ANSWER: Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.**

9.     The Plaintiff, Z.H. was 17 at the time and knew Defendant Garcia. Z.H. was a student and as part of her studies needed to participate on a ride along with a police officer. On February 15, 2019, Plaintiff, Z.H. went on a ride along with Defendant Garcia.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint and therefore denies the same.**

10.     On February 15, 2019, Defendant Garcia drove his private vehicle to Ancilla College, Plymouth, Indiana to pick up Z.H. and drove her to the police station before his shift started.

**ANSWER: Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.**

---

[1] All references to physical touching by Officer Garcia were without the plaintiff's consent.

11.     On February 15, 2019, Plaintiff Z.H. and Defendant, Garcia, arrived at the Hammond
Police Department.

**ANSWER:  Defendant admits the allegations contained in paragraph 11 of Plaintiff's
Complaint.**

12.     Defendant Garcia showed Plaintiff Z.H. around the police department and introduced her
to several police officers.

**ANSWER:   Defendant admits the allegations contained in paragraph 12 of Plaintiff's
Complaint.**

13.     The Hammond Police Department had a policy that forbade officers from permitting
minors to go on ride alongs.

**ANSWER:   Defendant is without sufficient knowledge or information regarding the
allegations contained in paragraph 13 of Plaintiff's Complaint and therefore denies the
same.**

14.     Prior to starting his shift, Defendant Garcia transferred several guns from his personal
vehicle to his police vehicle in the presence of Z.H.

**ANSWER:   Defendant is without sufficient information and knowledge as to the vague
characterization of the allegations contained in paragraph 14 of Plaintiff's Complaint and
therefore denies the same.**

15.     Defendant Garcia and Plaintiff Z.H., then got into a Hammond Police Department patrol
vehicle.

**ANSWER:   Defendant admits that he and plaintiff got into a Hammond Police
Department patrol vehicle but lacks sufficient information and knowledge as to the
remaining allegations contained in paragraph 15 of Plaintiff's Complaint and therefore
denies the same.**

16.     After getting into the squad car, Plaintiff Z.H. put on her seat belt and Defendant Garcia, without her consent, started adjusting her seat belt and rubbing his arm against Z.H.'s breast.

**ANSWER:   Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.**

17.     Defendant Garcia did falsely imprison the Plaintiff.

**ANSWER:   Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.**

18.     Defendant Garcia took Plaintiff Z.H. to a bad area of Hammond where the gas station cashier was working behind bullet proof glass.

**ANSWER:   Defendant is without knowledge and information of the characterizations contained in paragraph 18 of Plaintiff's Complaint and therefore denies the same.**

19.     Plaintiff Z.H. was waiting in line behind Defendant Garcia at the gas station when Garcia had Z.H go in front of him and at this time Defendant Garcia placed his hand on Z.H.s butt without her consent. (sic)

**ANSWER:   Defendant denies the allegations and characterizations contained in paragraph 19 of Plaintiff's Complaint.**

20.     Defendant Garcia and Plaintiff Z.H. drove around in the squad car and at various times Defendant Garcia would place his hand on Z.H.'s leg without her consent.

**ANSWER:   Defendant denies the allegations and characterizations contained in paragraph 20 of Plaintiff's Complaint.**

21.     Late in the evening, Defendant Garcia and Plaintiff Z.H. went on a call where Defendant Garcia and other responding officers made an arrest.

**ANSWER:   Defendant admits the allegations contained in paragraph 21 of Plaintiff's Complaint.**

22.     After the arrest, without Plaintiff's consent, Defendant Garcia drove Plaintiff Z.H. to a secluded area.

**ANSWER:   Defendant denies the characterizations contained in paragraph 22 of Plaintiff's Complaint.**

23.     At the same time, another unknown Hammond Police Officer also went to the same location.

**ANSWER:   Defendant is without sufficient information and knowledge of the allegations and characterizations contained in paragraph 23 of Plaintiff's Complaint and therefore denies the same.**

24.     While at this location, the Defendant and other unknown officer had his window down and Defendant Garcia asked the other officer whether he wanted to have sex with Plaintiff Z.H. Plaintiff was scared and offended by the Defendant's conduct.

**ANSWER:   Defendant denies the allegations and characterizations contained in paragraph 24 of Plaintiff's Complaint.**

25.     Defendant Garcia asked this unknown officer on more than one occasion whether he wanted to have sex with Plaintiff Z.H.

**ANSWER:   Defendant denies the allegations and characterizations contained in paragraph 25 of Plaintiff's Complaint.**

26.     Defendant Garcia and Plaintiff Z.H. were driving around and Defendant Garcia told Plaintiff Z.H. that he was going to find a prostitute for her.  Plaintiff did not consent to such conduct.

**ANSWER: Defendant denies the allegations and characterizations contained in paragraph 26 of Plaintiff's Complaint.**

27.     Defendant Garcia did stop a female prostitute who was walking the streets. Defendant Garcia introduced Plaintiff Z.H. to the working woman and told her that Z.H. wanted to do what she was doing.   Plaintiff never stated she wanted to be a prostitute.

**ANSWER: Defendant denies the characterizations contained in paragraph 27of Plaintiff's Complaint.**

28.     Defendant Garcia throughout the ride inquired into Z.H.'s dating and sex life. Plaintiff Z.H. was humiliated and embarrassed as to the conduct of Defendant Garcia.

**ANSWER: Defendant denies the allegations and characterizations contained in paragraph 28 of Plaintiff's Complaint.**

29.     A classmate subsequently went on a ride along with Defendant Garcia.

**ANSWER: Defendant admits the allegations contained in paragraph 29 of Plaintiff's Complaint.**

30.     After the classmate's ride along with Defendant Garcia, the classmate contacted Plaintiff Z.H. inquiring about whether Garcia had acted inappropriately towards her.

**ANSWER: Defendant lacks sufficient information and knowledge regarding the allegations contained in paragraph 30 of Plaintiff's Complaint and therefore denies the same.**

31.     Plaintiff Z.H. and the classmate reported what happened to them on the ride along to a teacher and the information was reported to the Hammond Police Department.

**ANSWER: Defendant lacks sufficient information and knowledge regarding the allegations contained in paragraph 31 of Plaintiff's Complaint and therefore denies the same.**

32.     Prior to these incidents., Police Chief John Doughty had known about inappropriate behavior on the part of Defendant Garcia with females.

**ANSWER:   Defendant lacks sufficient information and knowledge regarding the allegations contained in paragraph 32 of Plaintiff's Complaint, the allegation lacks relevance, is not directed to this party and Defendant denies the allegations.**

33.     Chief Doughty also knew and permitted the ride alongs by the girls while Defendant Garcia was being sued for sexual misconduct.

**ANSWER:   Defendant lacks sufficient information and knowledge regarding the allegations contained in paragraph 33 of Plaintiff's Complaint, it lacks relevance, is not directed to this party and Defendant denies the same.**

34.     At all relevant times to this litigation, Defendant Garcia and Defendant Doughty were acting under the color of law.

**ANSWER:   Defendant lacks sufficient information and knowledge regarding the allegations contained in paragraph 32 of Plaintiff's Complaint.  It lacks relevance and specification , is not directed at this Defendant and Defendant therefore denies the same.**

35.  That the actions of Garcia were done with the intention of depriving Plaintiff of her Constitutional rights.

**ANSWER:   Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.**

36.  Defendant Garcia's actions were objectively unreasonable and shocking to the conscience and done to her in part because she is a female.

**ANSWER:   Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.**

37. Defendant Garcia cause Plaintiff Z.H. to suffer humiliation and emotional distress.

**ANSWER: Defendant denies the allegations and characterizations contained in paragraph 37 of Plaintiff's Complaint.**

38. Chief Doughty acted with deliberate indifference in his supervision, training and continued employment of Defendant Garcia as a Hammond Police Officer.

**ANSWER: Defendant lacks sufficient information and knowledge regarding the allegations contained in paragraph 38 of Plaintiff's Complaint, it lacks relevance, it is not directed at this Defendant and Defendant denies the same.**

39. The deliberate indifferent training and supervision provided by the Defendant, Chief John Doughty resulted from an intent to violate Plaintiff's constitutional rights as well as a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

**ANSWER: Defendant lacks sufficient information and knowledge regarding the allegations contained in paragraph 39 of Plaintiff's Complaint, it lacks relevance, is not directed at this Defendant and Defendant denies the same.**

40. As a proximate result of the Defendants' unlawful conduct, Plaintiff has suffered extreme humiliation and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages.

**ANSWER: Defendant denies the allegations and characterizations contained in paragraph 40 of Plaintiff's Complaint.**

**COUNT I.**
**42 USC 1983 – JAIME GARCIA**

40 (sic) – Plaintiff realleges all aforementioned paragraphs.

**ANSWER:** Defendant restates and incorporates his Answers propounded in all of the above responses to Plaintiff's Complaint.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Z.H. demands the following relief against the Defendants, Jamie Garcia, and Chief John Doughty:

a. Compensatory damages for deprivation of her civil rights;

b. Punitive damages against the Defendant Jamie Garcia;

c. Reasonable attorney fees, together with costs and expenses of litigation pursuant to 42 U.S.C. § 1988;

d. Just compensation for injuries and damages sustained by the Plaintiff including damages for emotional distress;

e. Compensatory damages based upon the state causes of action; and

f. For all other just and proper relief in the premises pursuant to Federal Rule of Civil Procedure 54(c).

**WHEREFORE, Defendant prays that Plaintiff takes nothing for her action, for costs and fees and for all other relief just and proper in the premises.**

## <u>COUNT II</u>
## <u>FAILURE TO RETAIN AND SUPERVISE APPLIES TO JOHN DOUGHTY</u>

41. Plaintiff re-alleges all aforementioned paragraphs.

**ANSWER:** Defendant restates and incorporates his Answers propounded in all of the above-responses to Plaintiff's Complaint.

42. John Doughty knew that Officer Garcia should not have been retained as a police officer.

ANSWER:  **Defendant lacks sufficient information and knowledge regarding the allegations contained in paragraph 42 of Plaintiff's Complaint, it lacks relevance, is not directed at this Defendant and Defendant denies the same.**

43. John Doughty knew that Officer Garcia should not have had a female ride along in his police vehicle.

ANSWER:  **Defendant lacks sufficient information and knowledge regarding the allegations contained in paragraph 43 of Plaintiff's Complaint, it lacks relevance, is not directed at this Defendant and Defendant denies the same.**

44. John Doughty approved assisted condoned and purposely ignored the reasonable bases for which Office Garcia should not have been in the company of the ride along.  As a result Plaintiff was injured.

ANSWER:  **Defendant lacks sufficient information and knowledge regarding the allegations contained in paragraph 44 of Plaintiff's Complaint, it lacks relevance, is not directed to this Defendant and Defendant denies the same.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Z.H. Demands the following relief against the Defendants, Jamie Garcia, and Chief John Doughty:

a. Compensatory damages for deprivation of her civil rights;

b. Punitive damages against the Defendant Jamie Garcia;

c. Reasonable attorney fees, together with costs and expenses of litigation pursuant to 42 U.S.C. § 1988;

d.  Just compensation for injuries and damages sustained by the Plaintiff including damages for emotional distress;

e.  Compensatory damages based upon the state causes of action; and

f.  For all other just and proper relief in the premises pursuant to Federal Rule of Civil Procedure 54(c).

**WHEREFORE,** Defendant prays that Plaintiff takes nothing for her action, for costs and fees and for all other relief just and proper in the premises.

Respectfully submitted,

*/s/Shana D. Levinson*
Shana D. Levinson 21350-45
Donald P. Levinson
384 W. 80th Place
Merrillville, IN 46410
Counsel for Defendant

WHEREFORE, Defendant requests the Plaintiff's claim be denied and that judgment enter against her for all damages, including attorney fees, costs and all other relief just and proper in the premises.

Respectfully submitted,

*/s/Shana D. Levinson*
Shana D. Levinson 21350-45
Donald P. Levinson
384 W. 80th Place
Merrillville, IN 46410
Counsel for Defendant

DEFENDANT DEMANDS A TRIAL BY JURY.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF
## INDIANA SOUTH BEND DIVISION

ZAILEY HESS,          )
     PLAINTIFF      )
               )
vs.             )    3:21-CV-101
               )
OFFICER JAMIE GARCIA,  )
     DEFENDANT.   )

## AFFIRMATIVE DEFENSES

Comes now Defendant, Jaime Garcia, by Counsel, Shana D. Levinson, and submits his

Affirmative Defenses as follows:

1.     Plaintiff has failed to state a claim under which relief can be granted.

2.     Plaintiff lacks subject matter jurisdiction to bring state law claims against this Defendant and did not comply with the Tort Claims Act.

3.     Defendant has qualified immunity under State and Federal law.

4.     Plaintiff's claim is frivolous.

5.     Plaintiff embellished and exaggerated her claim

6.     Plaintiff failed to mitigate her damages.

7.     Defendant is entitled to the recovery of attorney fees.

8.     All allegations neither admitted or denied shall be deemed denied.

9.     Defendant reserves the right to add Affirmative Defenses as the facts of Plaintiff's

Complaint come to light.

                            Respectfully submitted,

                            */s/Shana D. Levinson*
                            Shana D. Levinson 21350-45
                            Donald P. Levinson
                            384 W. 80th Place
                            Merrillville, IN 46410
                            Counsel for Defendant

***Certificate of Service***

I hereby certify that on I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Christopher Cooper

Benjamin W. Murphy

Donald P. Levinson

Kevin Smith

Service the document to the following non CM/ECF participants:

*/s/Shana D. Levinson*