UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZAILEY HESS,

    Plaintiff,

        v.                              CASE NO. 3:21-CV-101-JD-MGG

JAMIE GARCIA,

    Defendant.

**OPINION AND ORDER**

Currently before the Court is Plaintiff's Motion For Leave To File The Attached Amended Complaint [DE 49]. For the reasons discussed below, the motion is denied without prejudice.

**Background**

For background to the case, the Court refers to the opinion and order regarding Plaintiff's motion for a protective order [DE 46], entered around the same time as this opinion and order.

**Discussion**

**A.**    **Parties' Contentions**

In the current motion, Plaintiff seeks to amend her complaint "to make clear that [she] avers only Garden Variety Stress as opposed to an IIED [intentional infliction of emotional distress] claim." [DE 49 ¶ 5]. Plaintiff represents that the only other changes in the proposed amended complaint are adding the allegation that "the City of

Hammond is the indemnifier of Defendant Garcia" and removing allegations concerning "the dismissed-out Defendant," Police Chief Doughty. [*Id.* ¶ 6].

Defendant "does not object to Plaintiff amending her Complaint to limit her damages to 'garden variety' emotional distress, but he does object to the implication that this amendment should restrict Defendant's ability to discover evidence." [DE 53 at 3]. Defendant also objects to adding any allegations about the City of Hammond because Defendant claims whether the City is an indemnifier of Defendant Garcia is irrelevant to any claim or defense and the allegations are prejudicial in that they essentially treat the City as a defendant. According to Defendant, the City "was dismissed from this suit, has no notice of these allegations," and would have to answer the allegations if the amendment is allowed. [*Id.* at 3-4]. Defendant also contends the reference to "indemnification" will "sneak its way into the evidence and adversely impact the jury." [*Id.* at 4]. Finally, Defendant argues that the proposed amended complaint makes changes to the original complaint other than the matters identified by Plaintiff, and he asserts a series of miscellaneous objections to those other changes.

### B. Analysis

Defendant asserts that "Plaintiff never asked Defendant whether there was any objection to filing a belated Motion to Amend the Pleadings." [DE 53 at 3; *see also id.* at 6 (asserting that Defendant would have addressed nuances arising out of slightly differently worded factual allegations at Plaintiff's deposition "had [Plaintiff[] filed her Amended Complaint prior to the deadline imposed by the Court")]. Plaintiff filed her motion seeking leave to amend the complaint on March 6, 2024. [DE 49], which was

after the December 1, 2023, deadline in the Scheduling Order [DE 41]. However, the Scheduling Order only limited the time within which the parties could amend their pleadings without leave of court without putting any time limit on when a party could seek leave of Court to amend a pleading. Accordingly, Plaintiff's instant motion is timely and must only satisfy the requirements of Fed. R. Civ. P. 15(a)(2) as intended by the Court Scheduling Order. *See Latitude Serv. Co., Inc. v. Reese*, No. 3:21-CV-728-JD-MGG, 2023 WL 3563625, at *1 (N.D. Ind. Mar. 6, 2023).[1]

Under Fed. R. Civ. P. 15(a)(2), a court may deny leave to amend a complaint if there is undue delay, bad faith, dilatory motive, undue prejudice, or futility. *Id.* at *2 (citing *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. 2004)). "'[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Id.* (quoting *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

### 1. "Garden Variety" Stress

Plaintiff seeks to amend her complaint "to make clear that [Plaintiff] avers only Garden Variety Stress as opposed to an IIED [intentional infliction of emotional distress] claim." [DE 49 ¶ 5]. Defendant does not object, except "to the extent that this amendment impacts the Court's decision regarding what is relevant information for production." *See* [DE 53 at 2, 3 (Defendant's Partial Objection To Plaintiff's Motion For

---

[1] In the future, Defendant is strongly discouraged from making assertions that suggest a legal argument without actually making a legal argument, requiring the Court to do Defendant's work for him of determining whether there is a valid argument to be made. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs hunting for truffles").

Leave To Amend Complaint)]. Defendant's objection regarding the meaning and effect of Plaintiff adding such allegations[2] is addressed in the Court's opinion on Plaintiff's motion for a protective order. In addition, the Court rejects Defendant's assertion that "it is suspect that Plaintiff seeks this change at this juncture, after Plaintiff testified that the ride-along caused her depression, suicidal ideations, nightmares, and other emotional problems that exist to this day." [DE 53 at 2]. As explained in the Court's opinion granting Plaintiff's motion for a protective order, Plaintiff's "garden variety" distress allegations are a self-imposed limitation for purposes of preserving her psychotherapist-patient privilege, not an admission that her deposition testimony regarding more extensive psychological injuries was false. Plaintiff is simply choosing not to seek to recover for her psychological injuries, and instead, to seek compensation only for her garden variety emotional distress on the day of the ride-along. It is not inconsistent to say that she suffered more lasting psychological injuries and emotional distress on the day of the ride-along. She will not be allowed to testify to the former, however, even though Defendant's counsel elicited testimony about it during her deposition.

    While there does not appear to be any grounds to deny Plaintiff leave to amend her complaint to make clear that she is alleging only garden variety stress, the Court also does not think that there is any need for such an amendment. It is already clear

---

[2] *E.g.* [DE 53 at 3 ("Plaintiff should not, with a belated motion to amend the language in the complaint, deprive Defendant of necessary discovery.")].

from the current complaint that Plaintiff is not alleging an IIED claim under state law. *See* [DE 23 at 2 (noting that, while Plaintiff's allegations may "implicate[ ] state law, … this lawsuit brings claims only under the Fourteenth Amendment of the United States Constitution")]. Additionally, the allegations of emotional distress are either generic (e.g. "Defendant Garcia caused Plaintiff Z.H. to suffer … emotional distress" [DE 1 ¶ 37]; "Wherefore, Plaintiff demands …. damages for emotional distress" [*id.* at p. 6]; "Plaintiff has suffered … emotional injuries" [*id.* ¶ 40]); or else already refer to only "garden variety" stress (e.g., "Plaintiff was scared and offended by the Defendant's conduct." [*id.* ¶ 24]; "Plaintiff Z.H. was humiliated and embarrassed" [*id.* ¶ 28]; "Defendant Garcia caused Plaintiff Z.H. to suffer humiliation" [*id.* ¶ 37]; Plaintiff has suffered extreme humiliation [*id.* ¶ 40]).

Furthermore, conclusory allegations in the complaint regarding "garden variety" damages are not necessary and would be insufficient by themselves because what is needed is "a complete explication of what it is that is being proposed by the plaintiff," *Flowers*, 274 F.R.D. at 229, including a commitment on the record regarding what Plaintiff "will raise or get into or mention at trial," and an indication of "what type of evidence bearing on the nature and extent" of Plaintiff's injuries she will rely on, and, conversely, *not* rely on. *Apollo*, 2020 WL 995094, at *2. In that sense, Plaintiff's proposed amendment would be "futile." Plaintiff may limit her emotional distress damages claim not by adding conclusory "garden variety" allegations to the complaint, but instead by submitting a written statement of her proposed testimony concerning her emotional

distress, as discussed in the opinion and order the Court has entered on Plaintiff's motion for a protective order [DE 46].

### 2.. City of Hammond

Another change in the proposed amended complaint is the addition of the allegation that "the City of Hammond is the indemnifier of Defendant Garcia." [*Id.* ¶ 6]. Plaintiff argues this new allegation is proper because the City of Hammond has a duty under state law to indemnify Defendant Garcia for any damages Garcia is ultimately ordered to pay Plaintiff. *See* [DE 56-1 at 7-8]. Defendant objects to this new allegation, arguing that whether the City is an indemnifier of Defendant Garcia is irrelevant to any claim or defense and that the allegation is prejudicial to the City in that it essentially treats the City as a defendant. Because of that, Defendant argues, the City would have to file an answer, which would be improper because the City "was dismissed from this suit" and "has no notice of these allegations." [*Id.* at 3-4]. Defendant also contends that if the amendment were to be allowed, the reference to "indemnification" will "sneak its way into the evidence and adversely impact the jury." [*Id.* at 4].

Defendant's arguments are unpersuasive. The proposed amended complaint does not purport to assert any claim against the City of Hammond, so no responsive pleading from the City would be required or even allowed. Defendant Garcia, of course, would have the opportunity to respond to the allegation in his answer to the proposed amended complaint. Also, the Chief of Police, not the City, was dismissed as a defendant; the City has never been a named party. And the City could not have been both "dismissed from this suit" and, at the same time, not have any "notice" of the suit.

Apparently, Defendant does not recognize the inconsistency between a cavalier (and clearly false) assertion that the City has no notice of a claim that was pending against the City's Chief of Police for more than a year, while at the same time equating the Chief of Police with the City of Hammond for purposes of the Chief of Police's dismissal from this lawsuit. If Defendant is trying to say that the City was aware of the suit but not of Plaintiff's indemnification allegations, that is simply not credible either. *See, e.g.,* [DE 36 at 2 ("Counsel for Defendant Garcia has expressed that Mr. Garcia is not indemnified by the City of Hammond. Plaintiff respectfully disagrees. … Plaintiff believes that the case law is on her side, as in a jury verdict in her favor is one that the City of Hammond must pay."); [DE 56-1 at 8 (referencing an "ongoing acrimonious dispute between the City of Hammond Corporation Office and the Plaintiff")]. Finally, the Court notes that the indemnification issue is not irrelevant to the case. In fact, Federal Rule of Civil Procedure 26(a)(1)(D) provides for mandatory discovery of insurance that may satisfy all or part of a judgment. In notes to the amendment that now permits disclosure, the Advisory Committee found that "[d]isclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Fed. R. Civ. P. 26 Advisory Committee's note to 1970 Amendment, Subdivision (b)(2).

At the same time, the Court does tend to agree with Defendant that an allegation about the City of Hammond having a duty to indemnify Garcia for any liability Garcia might have to Plaintiff is irrelevant to the issue of Garcia's liability for his conduct

7

towards Plaintiff. The mere existence of the allegation, however, does not seem overly prejudicial as the Court is well equipped to prevent irrelevant evidence about indemnification from being introduced at trial.[3] Nevertheless, Plaintiff's assertion that Defendant "has provided no law to support his argument that a Court can restrict a plaintiff's complaint averments" is less than compelling. Even if Plaintiff's allegations against the City are not subject to Rule 12(b)(6) review because Plaintiff has not attempted to assert a claim for relief against the City, the Court has the power under Rule 12(f) to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading, and may do so even if Defendant has not filed a formal motion to strike. *See* Fed. R. Civ. P. 12(f)(1) (court's may strike matters from pleading "on its own"). If the Court would have the power to strike an indemnification allegation already in a pleading as immaterial, logically the Court can also disallow leave to amend to add an allegation that is deemed immaterial and/or prejudicial to Defendant. *Arreola*, 546 F.3d at 796. Given that the allegation regarding indemnification is not relevant to Plaintiff's claim against Garcia, there would seem to be no purpose to allowing an amendment to add that allegation, even without a showing of prejudice to Defendant.

Based on the above, the Court was initially inclined to disallow new allegations concerning the City of Hammond's duty of indemnification; that is, until Plaintiff filed

---

[3] *Cf. Clouse v. Fielder*, 431 N.E.2d 148, 153 (Ind. Ct. App. 1982) (noting that generally, evidence or remarks about liability insurance is inadmissible at trial as irrelevant to whether the insured is liable and likely to prejudice the defendant by swaying the jury to reach an excessive verdict; furthermore, "a deliberate attempt by counsel to interject insurance into a case constitutes reversible error").

her reply brief. Plaintiff's reply brief explains the reasons for the new allegation regarding the City of Hammond's duty to indemnify Defendant.[4] Plaintiff argues that the indemnification allegation is necessary because "[t]he City of Hammond is funding the defense of Mr. Garcia and was his employer when he molested Ms. Hess," yet the "issue of *Cox's*[5] application represents … an ongoing acrimonious dispute between the City of Hammond Corporation Office and the Plaintiff." [DE 56-1 at 8]. The Court reads this statement as saying that the City of Hammond, while defending Garcia against Plaintiff's allegations, has denied that it has a duty to indemnify Garcia for any potential judgment.

Initially, it is not entirely clear to the Court how adding "averments," *see* [DE 56-1 at 9 (attempting to distinguish between "averments" and "allegations")], to the complaint regarding the City's duty to indemnify furthers Plaintiff's apparent goal of pressuring the City of Hammond to acknowledge its duty to indemnify Garcia in this matter. Unless the City of Hammond is a named party, the City could just ignore the new allegation (or "averment") as it would have no legal effect on it. It might, however, provoke the City into seeking to intervene in the case, as the City itself may be suggesting it would do when Defendant argues that the City would have to "answer"

---

[4] Defendant has not objected to Plaintiff raising an argument for the first time on reply, nor has he sought leave to respond to those new arguments with a surreply brief. Therefore, Defendant has waived any objection he might have to the Court's consideration of matters in Plaintiff's reply brief. *See Bonte v. U.S. Bank, NA.*, 624 F.3d 461, 466 (7th Cir. 2010) (court may conclude that a party concedes an argument to which it fails to respond).

[5] *Cox v. Evansville Police Dep't*, 107 N.E.3d 453 (Ind. 2018) (discussing Indiana Code § 34–13–4–1, which governs indemnification of government employees for civil rights violations).

the proposed amended complaint. And that may be just what Plaintiff is hoping the City will do.

So why doesn't Plaintiff just amend the complaint to add an indemnification claim against the City of Hammond? In the typical case, a claim for indemnification against the City would be subject to dismissal on prematurity grounds because the general rule is that "a duty-to-indemnify claim is not ripe until liability has been established." *Alicea v. Thomas,* No. 2:11-CV-445-TLS, 2014 WL 4311079, at *3–4 (N.D. Ind. Sept. 2, 2014) (dismissing "Count 2 of the Complaint alleg[ing] that, should Defendants … be found liable for excessive use of force, the Defendant City of Hammond is liable to indemnify the codefendants and pay any judgment in this case," under the "well-settled" rule that "a duty-to-indemnify claim is not ripe until liability has been established"), *rev'd on other grounds*, 815 F.3d 283 (7th Cir. 2016); *see also Barnhouse v. City of Muncie*, 499 F. Supp. 3d 578, 604 (S.D. Ind. 2020) (holding that the plaintiff's indemnification claim against the City of Muncie was "not yet ripe because liability ha[d] not been established, no judgment ha[d] been entered, and a settlement ha[d] not been reached").

However, there may be a limited exception to that rule. If "the City [has] advised of its refusal to pay any judgment," that might "create[] a substantial controversy between the plaintiff and the City," which has "ripened into a justiciable claim under Article III." *Barnhouse*, 499 F. Supp. 3d at 604 (noting that in the case before the court "there [were] no allegations that the City of Muncie [was] refusing to indemnify the police officer defendants if they are found liable"). As discussed in *Barnhouse*, the

10

Seventh Circuit's decision in *Wilson v. City of Chicago*, 120 F.3d 681 (7th Cir. 1997), would support this exception. *Wilson*, like this case, involved a lawsuit against a police officer alleged to have violated the plaintiff's constitutional rights, where the City of Chicago denied any intention to indemnify its officer under Illinois' indemnification statute if the plaintiff obtained a judgment against him. *Id.* at 685. The City of Chicago argued in that case that it had no duty to indemnity because the officer was not acting within the scope of his employment. The Seventh Circuit found that argument to "border[ ] on the frivolous." *Wilson*, 120 F.3d at 685. The court held that, in those circumstances, the plaintiff could assert a declaratory judgment claim for indemnification against the City of Chicago in the suit against the officer, rather than wait until judgment against the officer had been entered.

Accordingly, if it is true, as Plaintiff asserts, that the City of Hammond has refused to acknowledge its responsibility to indemnify Garcia for a verdict in Plaintiff's favor, then resolving that uncertainty could arguably further the resolution of Plaintiff's § 1983 claim against Garcia. In such a situation, normal ripeness principles that would prevent Plaintiff from asserting an indemnification claim against the City until after a judgment is rendered against Garcia might not apply. Therefore, Plaintiff's motion to amend the complaint to add "averments" against the City, a non-party, is denied without prejudice to Plaintiff filing a renewed motion to amend in which he seeks to add a declaratory judgment claim for indemnification against the City, at which time the parties can present arguments on whether such an amendment would be futile, or conversely, ought to be allowed.

### 3. Other Miscellaneous Changes

Finally, Defendant offers several miscellaneous objections to the proposed amended complaint.

First, Defendant objects to proposed changes in the language of some of the allegations because he claims those changes, "while not earth shattering, create nuances that Defendant should have been permitted to address when taking Plaintiff's deposition." [DE 53 at 6]. The Court declines to address "nuances" which Defendant fails to explain, or to consider whether a second deposition would be required when Defendant has not asked for that relief. *See Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005) ("Perfunctory or undeveloped arguments are waived."). In any event, Plaintiff has not sought to amend for purposes of making these changes. Therefore, this issue can be addressed when and if Plaintiff files a renewed motion to amend that includes similar language changes.

Second, Defendant objects to additional allegations in the proposed amended complaint that are not found in the current complaint. All the "additional" allegations Defendant identifies are allegations regarding the elements of the constitutional claims, which the Seventh Circuit already has found can be plausibly inferred from the current allegations. *See* [DE 53 at 6]. Plaintiff is not required to plead legal theories, so the omission of these allegations from the current complaint was harmless. *See Hess v. Garcia*, 72 F.4th 753, 757 (7th Cir. 2023). It is equally harmless for Plaintiff to add these allegations now. In any event, Plaintiff has not sought to amend for purposes of making

these changes. Therefore, this issue can be addressed when and if Plaintiff files a renewed motion to amend that includes similar new allegations.

Third, Defendant asserts that the proposed amended complaint "adds seemingly state causes of action" for "false imprisonment, battery and assault." [DE 53 at 7]. According to Defendant, "[i]t is improper to add additional causes of action, even if these state law claims were viable, which they are not." [*Id.*]. Defendant is misreading the proposed amended complaint. There is no attempt to allege any state law claims. The words "false imprisonment," battery" and "assault" are placed in parentheses next to the title 42 U.S.C. § 1983. The intent is clearly to allege a single claim under § 1983 based on the Fourteenth Amendment and Fourth Amendment and facts that Plaintiff contends amount to "false imprisonment" (i.e., Fourth Amendment theory), battery and assault (Fourteenth Amendment equal protection and due process theories). In any event, Plaintiff has not sought to amend for purposes of making these changes. Therefore, this issue can be addressed when and if Plaintiff files a renewed motion to amend that includes a similar amendment to the title of Plaintiff's § 1983 claim.

## Conclusion

For the foregoing reasons, Plaintiff's Motion For Leave To File The Attached Amended Complaint **[DE 49]** is **DENIED without prejudice** to filing a renewed motion for leave to amend in accordance with the legal principles outlined in this opinion and

order. If Plaintiff intends to file a renewed motion to amend, she is **DIRECTED** to do so on or before **June 25, 2024**.

SO ORDERED this 4th day of June 2024.

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
